UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

VINCENT PATRICK MCCRUDDEN,

       Plaintiff,

   -v-                               No.  13CV6930-LTS-SN

NATIONAL FUTURES ASSOCIATION et al.,

       Defendants.
-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

      <u>Pro se</u> Plaintiff Vincent Patrick McCrudden ("Plaintiff") brings this action against

Defendants National Futures Association ("NFA"), U.S. Commodity Futures Trading

Commission ("CFTC"), Financial Industry Regulatory Authority ("FINRA"), the National

Adjudicatory Council ("NAC"), and individual employees and former employees of the entity

defendants (collectively, "Defendants"), asserting claims for violation of Federal antitrust laws,

defamation, slander, libel, malicious prosecution, abuse of process, and violation of the Federal

Tort Claims Act ("FTCA").  All of the Defendants have moved pursuant to Federal Rule of Civil

Procedure 12(b)(1) to dismiss this action for lack of subject matter jurisdiction or pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1]  This Court has jurisdiction

----

[1]      The CFTC-related Individual Defendants are: Gary Gensler, Timothy J. Mulreaney,
James H. Holl, III, Joseph Rosenberg, Sophia Siddiqui, Elizabeth Brennan, Mark
Bucard, Steven Ringer, Ruben Jeffery III, Michael Dunn, Walter Lukken, Robert
Zwirb, Eliot Ramierz, William S. Liberman, Gloria B. Clement, Kevin Webb, and
Gretchen Lowe; the NFA-related Individual Defendants are: Daniel Driscoll, Dan
Roth, Charles Nastro, Michael Crowley, Heather McDonald, Michael Schafer, David
M. Kozak, and Robert Murrary; The FINRA-related Individual Defendants are: Linda
Feinberg, James Shorris, David Sonnenberg, Gregory Firehock, Richard Ketchum,
Lawrence Bernard, Leo Kane, Leo Orenstein, James Day, Cindy Foster, Perry
Hubbard, Michael Rogal, Susan Merrill, Terri Reicher, Robert Turk, David
Sonnenberg, William Behrens, Thomas Santucci, Stephen Luperello, Linda Feinberg,
James Shorris, and Alan Lawhead; and the NAC-related Individual Defendants are:

of this action under 28 U.S.C. §1331.

The Court has thoroughly reviewed the submissions of the parties.  For the following reasons, the Court grants each Defendant's motion to dismiss Plaintiff's Amended Complaint in its entirety.

<u>BACKGROUND</u>

The following factual summary is drawn from the Amended Complaint.

In 1995, Plaintiff founded Managed Accounts Asset Management ("MAAM"), which was the General Partner of the Hybrid Fund, LP.  (Am. Compl. ¶ 21.)  MAAM was registered with the NFA – a congressionally authorized self-regulatory organization for the futures industry.  (<u>Id.</u> ¶ 73.)  Plaintiff was also registered with the CFTC, which is a government agency that regulates commodities trading.  (<u>See id.</u> ¶ 70.)  Plaintiff was indicted for mail fraud in May 2002, but he was acquitted by a jury of all charges in September 2003.  (<u>Id.</u> ¶¶ 32-34.)  In 2004, Plaintiff passed his Series 3 Exam for membership with the NFA and the CFTC.[2]  (<u>Id.</u> ¶ 35.)  In February 2005, a subcommittee of the NFA denied Plaintiff membership.  (<u>Id.</u> ¶ 37.)  A few months later, after a NFA hearing in June 2005, the NFA denied him membership pursuant to section 8a(3)(m) of the Commodity Exchange Act.[3]  After he was denied membership,

---

Marcia E. Asquith, Salene Hitchcock-Gear, David P. Alsup, Barbara Black, Pam Caveness, Alan Davidson, Lisa M. Fairfax, Michael Fishman, Steven A. Kohn, Donald C. Langevoort, Jonathan R. Macey, Andrew A. Margolin, John R. Muschalek, Donna M. Nagy, and John F. X. Peloso.

[2]  The Commodity Exchange Act provides that registered members of the NFA, FINRA or the CFTC have trading privileges and/or the legal power to execute transactions.  A person or association not registered as a member cannot legally enter into transactions in the securities markets of the United States.  <u>See</u> 7 U.S.C.S. § 1a(34) (LexisNexis 2012) and 7 U.S.C.S. § 6(h) (LexisNexis 2012).

[3]  "The Commission is authorized . . . to refuse to register or to register conditionally any person, if it is found, after opportunity for hearing, that . . . there is . . . good

Plaintiff was also ordered to a one-year diversion program from the NFA and CFTC for sending anonymous letters to the CFTC.  (See id. ¶ 41.)

On July 12, 2005, Plaintiff appealed his membership denial to the CFTC, and the denial was affirmed on December 28, 2006.  (Id. ¶¶ 42-43.)  He then filed an appeal on January 16, 2007, to the Second Circuit, which affirmed the denial of Plaintiff's NFA membership application on February 6, 2008.  (Id. ¶¶ 44-45.)  As a result, Plaintiff's FINRA licenses were automatically "disqualified" and he was essentially banned from the financial industry.  (Id.)  In May 2008, although he was not registered with the NFA and CFTC, Plaintiff began trading with a new fund that he had founded, Hybrid Fund II, LP ("HF II").  (See id. ¶¶ 45-46.)

Plaintiff further alleges that, in May 2008, FINRA lawyers informed him that they were investigating one of his former employers, but they were in fact investigating him.  (Id. ¶ 48.)  Later in that same year, FINRA brought an action against Plaintiff concerning a dispute with his previous employer, and FINRA decided to suspend Plaintiff's FINRA membership and fine him.  (Id. ¶¶ 48, 57.)  Plaintiff appealed the suspension to the NAC.  (Id. ¶¶ 48, 57.)  In October 2010, the NAC affirmed FINRA's decision to suspend Plaintiff's membership and fine him, and it increased the suspension to one year and the fine to $50,000.  (Id. ¶ 57.)

Separately, in September 2009, the CFTC subpoenaed information about Plaintiff and his funds after he sold HF II.  (Id. ¶¶ 52, 54.)  The CFTC then sued Plaintiff in the Eastern District of New York in December 2010.  (Id. ¶ 59.)  On January 14, 2011, while the CFTC enforcement action was proceeding, Plaintiff was arrested for violating 18 U.S.C. § 875(c), which prohibits transmitting in interstate or foreign commerce a threat to injure or kill another. Plaintiff later pleaded guilty to the charge.  (See id. ¶ 61; see also case no. 11 Cr. 0061, docket

cause."  7 U.S.C.S. § 12a(3)(m) (LexisNexis 2012).

entry no. 96. (E.D.N.Y.).)  In connection with that case, prosecutors disclosed, as potential

evidence, a Facebook group posting offering to pay a bounty on certain NFA officials and

employees.  (See id. ¶ 62.)  Plaintiff was sentenced to twenty-eight months in prison and was

released on January 23, 2013.  (Am. Compl. ¶¶ 63-64; see also case no. 11 Cr. 0061, docket

entry no. 96. (E.D.N.Y.).)

   Plaintiff alleges that Defendants colluded against him to deny him membership in

the NFA and CFTC and destroy his career, engaged in malicious prosecution, and engaged in

abuse of process by bringing multiple enforcement actions against him.  (See Am. Compl. ¶¶ 48,

50, 57, 59, 60, 61.)  He also alleges that the CFTC defamed him when it published its decision

affirming the NFA's denial of his membership application.  (Id. ¶ 43.)  He further alleges that the

NFA, FINRA, the NAC, and the individual defendants employed by them, published

defamatory, or biased, comments and opinions about him.  (Id. ¶¶ 40, 48, VI(a).).  He asserts that

his guilty plea was "extorted" insofar as he believes that all of the government officials involved

in his court and regulatory matters were corrupt.

   At some point, Plaintiff filed claims with the CFTC concerning the alleged

tortious conduct, including defamation, slander, libel, malicious prosecution, and abuse of

process.  On February 1, 2013, the CFTC denied each of Plaintiff's FTCA claims in his

administrative action against the CFTC.  (Id. ¶ 65.)  On October 1, 2013, Plaintiff filed the

instant action and, on November 15, 2013, he filed the Amended Complaint.  In his Amended

Complaint, Plaintiff asserts causes of action against all of the Defendants pursuant to the Federal

Tort Claims Act and the federal antitrust laws, seeking over $232 million in damages, as well as

injunctive relief.

<u>DISCUSSION</u>

In their various motions, the Defendants assert that the Court lacks subject matter jurisdiction of Plaintiff's antitrust claims as a matter of law, and that Plaintiff has failed to fulfill the jurisdictional requirements of the FTCA in a timely manner.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  <u>Id.</u> at 113. "When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true, but does not draw inferences from the complaint favorable to the plaintiff." <u>Witt v. Village of Mamaroneck</u>, No. 12CV8778, 2014 WL 1327502 at *4 (S.D.N.Y. Mar. 31, 2014) (citing <u>J.S. ex rel. N.S. v. Attica Cent. Sch.</u>, 386 F.3d 107, 110 (2d. Cir. 2004)).  "Where, as here, a party also seeks dismissal on 12(b)(6) grounds, the court must consider the Rule 12(b)(1) motion first."  <u>Id.</u> at 4.

<u>Antitrust Claims</u>

In Count Two of his Amended Complaint, which is captioned "Violations of the Sherman Act, the Clayton Act and the Federal Trade Commission Act," Plaintiff asserts generally that all of the entity Defendants "engage in violation of the anti-trust laws" and that they discriminate against small businesses and in favor of large businesses.  Count Two must be dismissed in its entirety, as all of Plaintiff's claims against the entity and individual Defendants arise from his interactions with them in the performance of their governmental functions.  The provisions of the antitrust laws do not afford causes of action in connection with the performance of governmental functions.

"The United States, its agencies and officials, remain outside the reach of the Sherman Act."  Name.Space, Inc. v. Network Solutions, Inc., 202 F.3d 573, 580 (2d Cir. 2000) (quoting Sea-Land Service Inc., v. Alaska Railroad, 659 F.2d 243 (D.C. Cir. 1981)).  A federal agency is immune from claims under the antitrust laws due to its status as a federal agency.  See id.  Therefore, the antitrust claims asserted against the CFTC, an agency of the United States, must be dismissed.  Plaintiff's antitrust claims against the NFA are based on the NFA's denial of his membership application in 2005.  "As an SRO, FINRA and its officers [and the NFA and its officers] 'are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities.'"  See Xu v. Fin. Indus. Regulatory Auth. Inc., 503 F. App'x 7, 8-9 (2d Cir. 2012) (quoting Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., 637 F.3d 112, 115 (2d Cir. 2011)).  "Thus, so long as the 'alleged misconduct falls within the scope of the quasi-governmental powers delegated to the [SRO,] absolute immunity attaches."  In re NYSE Specialists Sec. Litig., 503 F.3d 89, 96 (2d Cir. 2007) (internal citations omitted); see Fiero, 660 F.3d at 571-72 ("[An SRO] is responsible for conducting investigations and commencing disciplinary proceedings against [SRO] member firms and their associated member representatives relating to compliance with the federal securities laws and regulations.").

Federal Tort Claims Act (the "FTCA")

Plaintiff's attempt to pursue claims against the Defendant entities and their employees under the FTCA must be denied as well.  Plaintiff's claims are against federal government entities, self-regulatory organizations ("SROs") acting under the delegated authority of federal government entities, and individual government employees, and all arise from actions taken in connection with official government duties.  "[A]n action against a federal agency or

federal officers in their official capacities is essentially a suit against the United States; such

suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."

Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994)  SROs, and their

employees, are likewise entitled to absolute immunity when "acting under the aegis of their

regulatory duties."  DL Capital Grp., LLC v. Nasdaq Stock Mkt., Inc., 409 F.3d 93, 97 (2d Cir.

2005) (internal quotation marks omitted).  "The FTCA is a limited waiver of sovereign immunity

against certain tort claims of property damage or personal injury 'caused by the negligent or

wrongful act or omission' of a government employee [or agency] 'under circumstances where

the United States, if a private person, would be liable to the claimant in accordance with the law

of the place where the act or omission occurred."  Saleh v. United States, No. 12CV4598, 2013

WL 5439140, at *8 (S.D.N.Y. Sept. 27, 2013) (quoting 28 U.S.C. § 1346(b)).  Therefore, a

plaintiff suing under the FTCA only has claims against the United States, and "district courts

lack subject matter jurisdiction over claims asserted against either federal agencies [,] the

individual federal employees" or SROs and their employees.  See Barbera v. Smith, 654 F. Supp.

386, 389 (S.D.N.Y. 1987); DL Capital, 409 F.3d at 97.  Therefore, the entities and employees are

entitled to absolute immunity and, because the FTCA is the exclusive remedy available to

redress Plaintiff's asserted claims, any claims against them must be filed against the United

States.  The case must therefore be dismissed against all named Defendants.

      The Court will not permit Plaintiff to further amend his pleading to name the

United States as a defendant because his claims as stated in the Amended Complaint are time

barred, and thus amendment would be futile.  A plaintiff may not bring an FTCA tort claim

against the United States unless he exhausts his administrative remedies with the agency within

two years of the accrual of his claim, and he must file suit within six months of the denial of the

claim by the agency.  28 U.S.C.S. § 2401(b) (LexisNexis 2012).  Here, Plaintiff has asserted the

claims made in this lawsuit in only one administrative proceeding, his CFTC filing.  The CFTC

rejected that claim on February 1, 2013.  This action was not filed until October 1, 2013, eight

months later.  Because he failed to file his lawsuit within the six-month period provided under

the FTCA, it is barred as untimely.  Any claims arising from the actions of the other entities and

employees named as defendants are unexhausted and untimely, as no administrative proceedings

were commenced within the two-year period provided under the FTCA.  Therefore such claims

are barred as well.

Defendants' Additional Arguments

Because the Defendants are all immune from suit, the Court need not address

their remaining meritorious arguments.

C<small>ONCLUSION</small>

   For the foregoing reasons, each of the Defendants' motions to dismiss the Amended Complaint are granted, with prejudice.  This memorandum order resolves docket entry numbers 97, 99, and 120.

   The Clerk of the Court is requested to enter judgment dismissing the Amended Complaint and to close this case.

   SO ORDERED.

Dated: New York, New York
   September 8, 2014


              /s/ Laura Taylor Swain____
            LAURA TAYLOR SWAIN
            United States District Judge


Copy mailed to:
Vincent Patrick McCrudden
4545 Center Boulevard
Apt. 1013
Long Island City, NY 11109